IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARTER CASH,

       Plaintiff,

vs.                                                  Civil No. 09-901 BB/RLP

LOCKHEED MARTIN TRAINING
SOLUTIONS, INC.,

       Defendant.

## Memorandum Opinion and Order
### Denying Defendant's Motion to Strike Plaintiff's Expert Witness Disclosure

**This matter** comes before the Court on Defendant's Motion to Strike Plaintiff's Expert Witness Disclosure filed April 12, 2010. (Docket No. 41). The Motion has been fully briefed and is ready for decision.

As issue is Plaintiff's designation of treating physician, Karl Horn, M.D., as an expert witness. The parties agree that on March 16, 2010, Plaintiff served Defendant with an Expert List, representing that "Dr Horn may be called to testify that Plaintiff visited with Dr. Horn for treatment of Meniere's Disease which can be aggravated by stress," that this designation was timely, and that no expert witness report was provided related to Dr. Horn's proposed testimony.

Defendant seeks to strike the designation because Plaintiff did not provide an expert witness report for Dr. Horn as required by F.R.Civ.P. 26(a)(2)(B). Defendant also contends that testimony regarding Meuniere's disease is irrelevant to Plaintiff's claim of discrimination based on his perceived disability of attention deficit disorder.

Plaintiff admits that he does not allege that he is disabled by, nor is he perceived to be disabled by, Meniere's Disease, and does not and will not allege that Defendant discriminated against him on the basis Meniere's Disease. (Docket No. 45, ¶3). Plaintiff contends, however, that

as a treating physician, Dr. Horn may testify, without submitting an expert report, about his treatment of Plaintiff, including any determinations he made as to the cause of Meniere's disease and the cause of Plaintiff's emotional distress damages:

> Dr. Horn is a witness with knowledge as to the stress Plaintiff was experiencing at times relevant to the complaint. However, to the extent Dr. Horn can testify as to the stress Plaintiff was encountering because of Defendant's actions, and the effect of that stress on Plaintiff, including any effect it had on Plaintiff's Meniere's Disease, Dr. Horn is witness with relevant testimony.

(Docket No. 45, p. 2).

In other words, Plaintiff contends that his condition of Meniere's Disease was caused by the discrimination he allegedly experienced, resulting in emotional distress, and that Dr. Horn may or will testify to this effect.

Whether Plaintiff is required to provide an expert report outlining Dr. Horn's opinions depends upon the basis upon which those opinions were reached, that is, whether the opinions are derived solely from information and observations obtained through the treatment relationship, or whether additional information, extrinsic to that relationship, is utilized. As stated in <u>Farris v. Intel Corporation</u>, 493 F.Supp. 2d 1174, 1179-1180 (D.N.M. 2007):

> F.R.Civ.P. 26(a)(2) delineates two distinct types of disclosures: (1) disclosure of the identity of any witness who may provide opinion testimony at trial in accordance with Federal Rules of Evidence 702, 703, and 705; and (2) the far more comprehensive written and signed report which Federal Rule of Civil Procedure 26(a)(2)(B) requires for "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." (footnote omitted). Fed.R.Civ.P. (26)(a)(2). This distinction is important here because Rule 26(a)(2)(A) clearly controls disclosure requirements for "hybrid" fact/expert witnesses, the most obvious example being a treating physician. The commentary to Rule 26 explains that the report required by Rule 26(a)(2)(B) does not apply to treating physician. (footnote omitted). Thus, it is clear that, (a treating physician)is a hybrid witness for whom no Rule 26(a)(2)(B) disclosures are required for opinions relevant to that capacity.
>
> . . . (A) hybrid witness . . . is permitted to testify to "fact opinion." However

the scope of such opinion testimony is circumscribed. Hall v. Sykes, 164 FRD 46, 48 (E.D. Va. 1995) ''If a treating physician forms an opinion of the causation of an injury to a patient and the prognosis of the patient's condition during the treatment then such opinion may be expressed by the treating physician without the necessity of a report under Fed. R.Civ.P. 26(a)(2)(B) . . . . However, if a physician, even though he may be a treating physician, is specially retained or employed to render a medical opinion based upon factors that were not learned in the course of the treatment of the patient, then such a doctor would be required to present an expert written report.'').

Accordingly, even without supplying an expert report, Dr. Horn is permitted to offer expert testimony regarding fact opinions reached during his care and treatment of Plaintiff, but not as to any opinion that is based upon information learned outside of and unrelated to his treatment of Plaintiff.

With regard to the relevance of Dr. Horn's potential testimony, Defendant argues that under the facts of this case, Dr. Horn can have no valid opinion that Plaintiff's Meneire's Disease was aggravated by alleged discrimination[1]. Dr. Horn has not yet been deposed, and the content and basis for any opinion he might express is not known. Accordingly, it is premature to determine whether his testimony should be excluded.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Plaintiff's Expert Witness Disclosure is **DENIED**.

    Richard L. Puglisi
    Chief United States Magistrate Judge

---

[1] Defendant references Plaintiff's testimony that Dr. Horn diagnosed Meniere's Disease in 1999; operated on Plaintiff for this condition in 2004, prior to the 2007-2009 events underlying Plaintiff's Complaint and that Plaintiff saw Dr. Horn only one time since that surgery, in March 2009. (Docket 51, p. 2). Defendant also cites to Dr. Horn's medical records which do not reference symptoms of, diagnosis of, or treatment for emotional distress. Id.